# Third District Court of Appeal

## State of Florida

Opinion filed June 25, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D26-0789
Lower Tribunal No. F94-18171B
_____

**Charles Garvin,**
Appellant,

vs.

**State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Jason Bloch, Judge.

Charles Garvin, in proper person.

James Uthmeier, Attorney General, for appellee.


Before SCALES, C.J., and FERNANDEZ and GOODEN, JJ.

PER CURIAM.

Affirmed. See Carter v. State, 786 So. 2d 1173, 1178 (Fla. 2001) ("To be illegal within the meaning of rule 3.800(a) the sentence must impose a

kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances.") (emphasis and citation omitted) ; § 775.021(4)(a), Fla. Stat. (1994) ("Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively.  For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial."); see also Nusspickel v. State, 966 So. 2d 441, 444 (Fla. 2d DCA 2007) ("Generally, the trial court's imposition of a sentence that is within the minimum and maximum limits set by the legislature is a matter for the trial Court in the exercise of its discretion, which cannot be inquired into upon the appellate level.") (citation omitted).